GEORGE WILLIAM BATES *vs.* E. JOHN W.
REVELL, EXECUTOR OF OCTAVIA WILLIAMS
BATES, DECEASED.

*Executors and administrators: failure to return assets and
wearing apparel in inventory; question of removal;
counsel fees; discretion of Orphans' Court.*

Mere omissions by an administrator to return in his inventory the wearing apparel of the decedent, the cash on hand at the time of death, and certain debts due, where no wrongful intent is proved and he testified that he intended to make the returns in his administration account, do not of themselves constitute grounds for his removal.          p. 695

An executor who should "unlawfully embark the funds of the estate, in his hands, as executor, in personal or private ventures and speculations of his own" should be removed. p. 696

But the charges must be established by proof, and the mere fact that for a while some of the funds of the estate were commingled with the executors does not justify his removal.
          p. 696

The Orphans' Court has the power to allow a fee to the counsel of an executor who represented him in a caveat to the will, and in proceedings for the removal of the executor.
          p. 696

And where an estate consists of over $100,000 a fee of $500 in such case is not excessive.          p. 696

*Decided December 6th, 1911.*

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before BOYD, C. J., PEARCE,
BURKE, THOMAS and STOCKBRIDGE, JJ.

*George Whitelock* (who filed a brief on which were *Whitelock, Deming and Kemp* and *Howard Bryant*), for the appellant.

*Omar F. Hirshey* and *Albert E. Donaldson* (with whom were *Robert F. Crain* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

Octavia Williams Bates, an unmarried woman, died in Baltimore City on the 12th day of January, 1911, leaving a last will and testament by which she disposed of a large estate. The greater part of this estate was given by the will to certain educational and charitable institutions. She left surviving her a brother, George Williams Bates, a resident of the State of Michigan, to whom she bequeathed the sum of five thousand dollars.

The will was dated June 5th, 1908, and it appointed her brother executor thereof. By codicil dated December 30th, 1910, the Safe Deposit and Trust Company of Baltimore was substituted as executor in the place of her brother, George Williams Bates, and on June 5th, 1911, by a second codicil E. John W. Revell was appointed executor in the place and stead of the Safe Deposit & Trust Company.

The will and codicils were admitted to probate by the Orphans' Court of Baltimore City on the 30th day of January, 1911, and letters testamentary were granted to the appellee as executor.

On May 11th, 1911, George Williams Bates, the appellant, filed a caveat to the will and codicils upon the grounds of mental incapacity, undue influence, fraud, etc., and on the same day filed in the Orphans' Court a petition asking that the letters testamentary granted to the appellee be revoked and that he be removed as executor.

Serious charges were made against the executor in the petition. In his answer the appellee denied all the charges which reflected upon his honesty and fitness to act as executor, and gave an explanation of some of the acts and omis-

sions charged as grounds for his removal. Both the answer
and petition are lengthy papers, and in the view we have
taken of the case need not be discussed with any particu-
larity.

The issues made by the petition and answer were tried by
the Orphans' Court of Baltimore City. The trial consumed
more than a week, the appellant relying largely upon the
testimony of the executor, whom he placed upon the stand,
to prove his case.

On July 6th, 1911, the Court passed the following order:

"The matter of the petition of George Williams Bates com-
ing on to be heard, and the Court having considered the same
and the answer thereto, and the testimony advanced in support
of said petition, it is ordered by the Court this 6th day of
July, 1911, that the said petition for the removal of E. John
W. Revell, executor, be and the same is hereby dismissed, the
costs to be paid by the petitioner, and it is further ordered
that the executor return to the Court the following:

     An inventory of the wearing apparel and personal effects
        of the deceased.

     An inventory of all cash.

     A list of debts due by the deceased, and

     A list of debts due to the estate."

This order was signed by two of the judges, but the third
while concurring in the order dismissing the petition, was of
opinion that the executor should pay the costs of the proceed-
ing.

On July 13th, 1911, the Court passed an order directing
the executor to pay out of the funds of the estate to S. Gross
Horwitz, who acted as his counsel, the sum of five hundred
dollars for services rendered in resisting the effort of the
petitioner to remove him.

The appeals before us were taken from these orders.

We have carefully examined the evidence contained in
this record, and, assuming that an order of the Orphans'
Court *refusing* to revoke letters testamentary is appealable,

we are all of opinion that the orders from which this appeal was taken should be affirmed.

There is no dispute as to the measure of duty which the law imposes upon an executor in the settlement of the estate, but the question in the case is whether the evidence shows such misconduct or unfitness on his part as would justify his removal.

Miss Bates was a highly educated woman. She had studied law and was a graduate of the University of Michigan, and appears to have been a woman of good business capacity. Mr. Revell had been her attorney since about the year 1896, and had invested large sums of money for her in mortgages and ground rents. All of these investments were profitable to her and well secured. She had great confidence in Mr. Revell, and was fully advised of what he had done and had approved his acts, and after an acquaintance and business experience with him extending over a number of years she appointed him executor of her will.

A great part of the testimony contained in the record is concerned with an inquiry into certain real estate and mortgage transactions between Miss Bates and Revell. These transactions appear to have been known to Miss Bates and approved by her, and in no instance did she sustain any loss, and so far as we have been able to discover none of them show the unfitness of Revell to act as executor. There is nothing to show that he abused the trust reposed in him by Miss Bates, and absolutely nothing to support the serious charges contained in the fifth paragraph of the petition that he "did on the 5th day of January, 1911, shortly before the death of the said Octavia Williams Bates, wrongfully and fraudulently induce her to name himself as the executor of her said estate, in the second alleged codicil under date of January 5th, 1911, and that said alleged codicil was prepared and written by the said E. John W. Revell and presented by him personally to the said Octavia Williams Bates when she was on her death bed and incapable of making a valid deed or contract."

It is contended that the appellee should be removed because of his failure to perform certain statutory duties imposed upon him as executor.

It was his duty to return an inventory of the personal estate of the deceased; and inventory of the money belonging to the deceased which should come into his hands; and a list of debts due to the deceased which came to his knowledge. Miss Bates being an unmarried woman it was the duty of the executor to have had appraised and to include in the inventory her wearing apparel.

On the 27th of March, 1911, the executor returned an inventory of the personal estate amounting to $3,727.50, and an inventory of real property, that being subject to collateral inheritance tax, and an inventory of a list of debts due the estate aggregating the sum of $100,530.00. He omitted to include in the inventory the wearing apparel of the deceased, and in the list of debts no mention was made of endorsers on certain mortgage promissory notes, he being an endorser on at least one of these notes. He also omitted to report to the Court the amount of cash on hand at the death of Miss Bates, and the money which he had collected for her account prior to her death as well as money which he had collected as executor. But his omissions in these respects are fully explained in the testimony. There is no evidence that it was his purpose to conceal any of the assets of the estate, but he was under the impression that the cash should be included in his administration account. Mere omissions of this character do not constitute in themselves sufficient ground for the removal of an executor or administrator. *Forney* v. *Shriner*, 60 Md. 419; *Jones* v. *Harbaugh*, 93 Md. 281.

In the order from which this appeal was taken the Orphans' Court directed the appellee to return inventories of the wearing apparel and personal effects of the deceased, and of all cash due her estate in his hands as well as list of debts due by the deceased and to her estate, and it is to be presumed that that order has been obeyed.

It is also charged that the appellee "has unlawfully embarked the funds of the estate in his hands as executor in extensive personal and private ventures and speculations of his own, etc."

If this charge were clearly sustained there can be no doubt that the appellee should have been removed from his office as executor. No one is fit to act as executor or trustee who is shown to be guilty of such conduct. We have given careful consideration to the evidence bearing on this charge and while it shows that the appellee did comingle the funds of the estate with his own, and failed to answer satisfactorily certain questions as to the whereabouts at certain periods of the money belonging to the estate collected by him, it fails to establish the charge made against him.

All the funds of the estate are on deposit in the name of the executor, and upon a consideration of all the facts and circumstances disclosed by the record we are of opinion that the order of the Orphans' Court refusing to remove the appellee as executor should be affirmed.

The Orphans' Court had power to allow a counsel fee to Mr. Horwitz, and the amount allowed does not appear to be unreasonable. The orders appealed from will be affirmed.

*Orders affirmed, with costs.*